UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

VALERIE MOORE                                                                               PLAINTIFF

V.                                                           CIVIL ACTION NO. 3:18-CV-182-DPJ-FKB

THE KROGER COMPANY AND
MIKE WILLIAMS                                                    DEFENDANTS

ORDER

Valerie Moore slipped and fell in the grocery store. Seeking compensation for her injuries, she sued the Kroger Company ("Kroger") and Store Manager Mike Williams in state court. Kroger removed the case, saying Williams is improperly joined since he was not working the day of the accident. Because Williams is improperly joined and diversity jurisdiction is satisfied, Moore's motion to remand [7] the case is denied.

I.     Facts and Procedural History

On October 14, 2016, Valerie Moore slipped in a wet, slippery substance on the floor of Kroger. Compl. [1-1] at 3. She fell, sustained injuries, and filed suit in state court alleging negligence. *Id.* Moore (a Mississippi resident) named Kroger (an Ohio corporation) and Store Manager Mike Williams (also a Mississippi resident) as defendants *Id.* at 2.

Believing Williams was improperly joined, Kroger removed the case based on diversity jurisdiction. 28 U.S.C. § 1332. Plaintiff now seeks remand to state court. Kroger responded in opposition, and Plaintiff declined to file a reply.[1]

---

[1] Moore did not offer any additional facts about the fall, such as location within the store, source of the substance, or her injuries. Moore also did not specify an amount of damages in her Complaint. Since she did not challenge the amount in controversy in her motion to remand, the Court presumes it is more than $75,000 as required by § 1332.

II.	Improper Joinder Standard

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal district court. 28 U.S.C. § 1441(a). Kroger premises federal jurisdiction on 28 U.S.C. § 1332, under which the district courts have jurisdiction over civil actions between "citizens of different States." *Id.* § 1332(a)(1). The diversity statute requires complete diversity between all named plaintiffs and all named defendants. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

The improper-joinder rule "is a narrow exception to the rule that diversity jurisdiction requires complete diversity." *Smallwood v. Ill. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003). To that end, "[t]he burden is on the removing party; and the burden of demonstrating improper joinder is a heavy one." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). In evaluating a claim of improper joinder, the Court "examine[s] if there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Smallwood*, 352 F.3d at 223 (citation omitted and punctuation altered). But "[a] 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 n.9 (5th Cir. 2004) (en banc) (quoting *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)).

A district court should ordinarily resolve an improper-joinder claim by conducting Rule 12(b)(6)-type analysis applying the federal standards. *Id.*; *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016) ("Rule 12(b)(6) analysis necessarily incorporates the *federal* pleading standard."). The Court first assesses "the allegations in a plaintiff's state court pleading." *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 116 (5th Cir. 1979)

2

(citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)); *see also Gardner v. Cooksey*, 2:11-CV-255-KS-MTP, 2012 WL 968026, at *2 (S.D. Miss. Mar. 21, 2012) ("This court must refer to the allegations made in the original pleading to determine whether the plaintiff can make out a viable claim against the resident defendant.") (citations omitted). But "there are cases, hopefully few in number, in which the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder." *Smallwood*, 385 F.3d at 573. In such cases, the district court has the discretion to "pierce the pleadings and conduct a summary inquiry." *Id.*

III. Analysis

The question is whether Moore has alleged facts supporting a negligence claim against Williams. In her Complaint, Moore claims "Defendants": (1) allowed her to walk in an area that was known or should have been known to be unsafe; (2) failed to have an adequate number of employees maintaining the store; (3) failed to keep a proper lookout for patrons; and (4) neglected to warn of apparent and latent dangers. Compl. [1-1] at 3 (asserting generic allegations against "Defendants"). But Kroger says Williams was not working the day of the fall. Notice of Removal [1] at 1; *see* Williams Aff. [8-1] at 1–2.

Generally speaking, there is a reasonable possibility of liability against a manager with some connection to the events that form the basis of the lawsuit. For example, in *Smith v. Petsmart, Inc.*, the Fifth Circuit held there was a reasonable possibility the plaintiff, who tripped over a forklift left in an aisle, could recover for injuries against the store manager on duty. 278 F. App'x 377, 381 (5th Cir. 2008) (noting the non-diverse defendant "was the only manager on duty" when the plaintiff was injured). Similarly, in *Mims v. Renal Care Group, Inc.*, the district court found the facility manager was properly joined where the injured plaintiff alleged that he

3

had warned the defendant "numerous" times about some damaged garbage cans that contributed to his injury. 399 F. Supp. 2d 740, 745 (S.D. Miss. 2005) (granting remand).

By contrast, in *Doss v. NPC International, Inc.*, the district court held that a local Pizza Hut manager was improperly joined because he was not working when the plaintiffs dined and contracted food poisoning. No. 4:10-CV-17-SA-DAS, 2010 WL 1759153 at *6 (N.D. Miss. Apr. 29, 2010). Judge Aycock noted "it is undisputed that [the manager defendant] was not working on the day Plaintiffs visited Pizza Hut, that he did not prepare or serve their food, that he did not supervise the preparation or service of their food, and that he had no knowledge of what was occurring at Pizza Hut." *Id.* Judge Aycock concluded the plaintiffs therefore had no reasonable possibility of recovery against the manager defendants and denied the motion to remand. *Id.*

The same holds true here. Kroger has presented uncontroverted evidence that Williams was not working the day Moore fell. Williams Aff. [8-1] at 1–2.[2] He cannot be expected to divert customers, keep a lookout, or warn of dangers when he is not physically present in the store. Moreover, Moore's Complaint is devoid of allegations that Williams somehow failed to act in the past in a way that contributed to her fall. *See Jones*, 2011 WL 8198563, at *3 (finding apartment managers who failed to take steps to insure the safety of residents, but were not on the premises at the time of a shooting, were properly joined). In fact, Moore's Complaint does not contain *any* allegations specific to Williams. *See* Compl. [1-1] at 3 (asserting only generic allegations against "Defendants"); *see also Doss*, 2010 WL 1759153 at *2 (finding improper joinder and noting the complaint did not "contain any allegations specifically directed" at the manager defendant).

---

[2] Consideration of this affidavit is appropriate under *Smallwood*, 385 F.3d at 573.

Kroger has met its burden; Moore has not pled facts which suggest a reasonable basis for predicting that the state law might impose liability against Williams. Moore's motion to remand is denied.

IV.     Conclusion

The Court has considered all of the parties' arguments; those not addressed would not have changed the outcome. For the reasons stated, Plaintiff's motion to remand [7] is denied. Because Defendant Williams is improperly joined, he is dismissed. *See Plaquemines Par. Sch. Bd. v. Norris Ins. Consultants*, 281 F. App'x 338, 339 (5th Cir. 2008) (improperly joined party should be dismissed from case so that diversity jurisdiction may be asserted over the remaining parties).

The stay of this matter is lifted; the parties are directed to contact the chambers of Magistrate Judge F. Keith Ball to request a telephonic-case-management conference.

**SO ORDERED AND ADJUDGED** this the 25th day of June, 2018.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE